FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 APR 20 PM 1:44
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| D.N., a minor, by Her Next Friend, TAMARA EPPS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 111-014 |
| DREAMLAND AMUSEMENTS, INC., | ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned personal injury case is currently before the Court on Plaintiff's "Motion to Join Additional Party Defendant," in which she seeks to join Mr. Ricky Rosales as a defendant in this action (doc. no. 11), as well as Defendant's "Motion for Leave to Amend Answer" (doc. no. 15). Defendant has filed a response in opposition to Plaintiff's motion for joinder (doc. no. 14); Defendant's motion to amend, however, is unopposed. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for joinder be **DENIED** and that Defendant's motion to amend be **GRANTED**.

### I. BACKGROUND

Plaintiff, a Georgia resident, initially filed her complaint in the Superior Court of Richmond County, Georgia on May 12, 2010. (Doc. no. 1, p. 1; doc. no. 1-1, pp. 1-2, 8, 12.) In her complaint, Plaintiff alleges that she suffered injuries when she was ejected from an amusement ride at the Georgia-Carolina State Fair on October 26, 2006. (Doc. no. 1-1, pp.

1-2, 4-5.) Plaintiff further alleges that Defendant, a New York corporation, owned, operated and maintained the ride from which she was ejected. (Id. at 3-4.) On January 26, 2011, Defendant removed the case to this Court, asserting diversity of citizenship as the basis for federal jurisdiction. (Doc. no. 1, pp. 1-3 (citing 28 U.S.C. § 1332).) Plaintiff filed her motion for joinder on March 3, 2011; Defendant filed its motion to amend on March 18, 2011.

## II. DISCUSSION

### A. Plaintiff's Motion for Joinder

In her motion for joinder, Plaintiff seeks to join Mr. Rosales as a defendant in this case pursuant to Federal Rule of Civil Procedure 19, in support of which she states that she "has recently learned that [Mr. Rosales] was operating the amusement ride described in the Complaint at the time Plaintiff was injured on said ride." (Doc. no. 11, p. 1.) Plaintiff further contends that the addition of Mr. Rosales will allow "the respective claims of all parties [to] be resolved in this single action, thus avoiding double liability and inconsistent obligations." (Id.) Plaintiff provides no information regarding Mr. Rosales's residency or the effect his joinder would have on the Court's subject matter jurisdiction over the case.

In its response in opposition to Plaintiff's motion, Defendant points out that Mr. Rosales resides in St. Mary's, Georgia, which means that his joinder would destroy federal subject matter jurisdiction by making the parties' citizenship non-diverse. (Doc. no. 14, pp. 2, 6.) Additionally, Defendant asserts that Plaintiff knew, or should have known, that Mr. Rosales was the ride operator prior to removal, as the accident occurred years before Plaintiff filed her complaint. Also, Defendant notes that Mr. Rosales was clearly identified as the ride

2

operator in investigative reports from various agencies that were made publicly available prior to the filing of Plaintiff's complaint in state court and were produced by Plaintiff to Defendant on January 13, 2011, approximately 13 days prior to removal. (Id. at 3-5.) Furthermore, Defendant asserts that the instant motion should be governed by 28 U.S.C. § 1447(e), the statute governing joinder of non-diverse parties after removal, rather than Fed. R. Civ. P. 19. (Id. at 7.) Defendant argues that under § 1447(e), the motion should be denied so that the case may remain in federal court.

Because Defendant has shown that Mr. Rosales is a resident of Georgia (see doc. no. 14, Ex. 4, pp. 3-4) – a fact that Plaintiff does not dispute – the Court agrees that Plaintiff's motion for joinder is governed by 28 U.S.C. § 1447(e), which provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Where § 1447(e) applies, there are "only two options: (1) deny joinder; or (2) permit joinder and remand [the case] to state court." Ingram v. CSX Transp., 146 F.3d 858, 863 (11th Cir. 1998); see also Smith v. White Consol. Indus., 229 F. Supp. 2d 1275, 1278 (N.D. Ala. 2002) ("What the court cannot do [under § 1447(e)] is allow an amendment that destroys federal jurisdiction and exercise jurisdiction over the case.").

In determining whether joinder pursuant to § 1447(e) is appropriate, the Court must "balance the equities involved." Jarriel v. General Motors Corp., 835 F. Supp. 639, 641 (N.D. Ga. 1993) (citing Hughes v. Promark Lift Inc., 751 F. Supp. 985 (S.D. Fla. 1990)). The considerations relevant to this determination include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in

3

asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).[1]

With regard to the first of these considerations, the Court finds that a primary purpose behind Plaintiff's proposed joinder of Mr. Rosales is to defeat federal jurisdiction. An attempt to add a non-diverse defendant following removal, coupled with circumstances under which the plaintiff knew or should have known the identity of the would-be defendant at an earlier time, "strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." Smith, 229 F. Supp. 2d at 1280. Here, the undisputed evidence before the Court shows that Mr. Rosales was identified as the ride's operator in investigative documents made public prior to the commencement of this case and produced by Plaintiff in discovery approximately two weeks prior to removal. (See doc. no. 14, p. 9 & Ex. 4, pp. 3-4.) Furthermore, the events giving rise to this case occurred in October of 2006, providing Plaintiff ample time to ascertain Mr. Rosales's identity. Thus, Plaintiff knew or should have known that Mr. Rosales was the operator of the amusement ride before this case was removed and long before she filed the instant motion.

Additionally, Plaintiff has not delineated any particular claims against Mr. Rosales

---

[1]Though Hensgens was decided before the enactment of § 1447(e), its analytical framework has been widely adopted as the proper method for determining whether to permit joinder where § 1447(e) controls. See Jarriel, 835 F. Supp. at 641 ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as signaling a departure from a strict Rule 19 analysis and providing for a flexible, broad discretionary approach of the type prescribed in Hensgens."); Sexton v. G&K Servs., Inc., 51 F. Supp. 2d 1311, 1312 & n.1 (M.D. Ala. 1999) (relying on factors identified in Hensgens and noting that "[a]lthough Hensgens pre-dates the enactment of § 1447(e), its analysis is still relevant").

or explained why she wants to add Mr. Rosales as a defendant. Plaintiff's conclusory assertions that "complete relief cannot be afforded to [her] or Defendants [sic] who are already parties [without Mr. Rosales]" and that Mr. Rosales's joinder will prevent "double liability and inconsistent obligations" are completely inadequate in this regard. Plaintiff has offered nothing suggesting that she or Defendant will be unable to obtain complete relief without the joinder of Mr. Rosales; similarly, Plaintiff does not explain how any party will be subject to double liability or inconsistent obligations absent Mr. Rosales's presence as a defendant.[2] Simply put, the fact that Plaintiff knew or should have known that Mr. Rosales was the ride operator before joinder indicates that a primary motivation behind the instant motion is to defeat federal jurisdiction, and Plaintiff has not shown any other valid motivation for seeking to add Mr. Rosales.

Likewise, the Court finds that Plaintiff has been dilatory in seeking to join Mr. Rosales. As noted above, Mr. Rosales was identified as the operator of the amusement ride on which Plaintiff was allegedly injured in investigative documents made public prior to Plaintiff filing her complaint in state court in May of 2010. (See doc. no. 14, Ex. 4, pp. 3-4.) Moreover, Plaintiff produced documents identifying Mr. Rosales as the ride operator prior

---

[2] As Defendant persuasively argues in its response to the instant motion, this case is very different from the typical case in which joinder is appropriate under Fed. R. Civ. P. 19 because of the possibility of double liability or inconsistent obligations. (See doc. no. 14, pp. 13-14.) Unlike this action, such cases characteristically involve multiple claimants seeking recovery from a single limited fund, making the defendant potentially subject to obligations that are numerous and/or inconsistent. See, e.g., In re Torcise, 116 F.3d 860, 865 (11th Cir. 1997) ("Rule 19 provides for joinder of an indispensable party where there is substantial risk of the defendant being subjected to a multiplicity of suits. It is well established under Rule 19 that all claimants to a fund must be joined to determine the disposition of that fund." (citation omitted)).

5

to removal. Most tellingly, Plaintiff's motion for joinder comes roughly two months after removal, 10 months after the filing of her complaint in state court, and more than four years after the events alleged in the complaint. Under these circumstances, the Court finds Plaintiff's request to join Mr. Rosales to be dilatory. See Sexton, 51 F. Supp. 2d at 1314 (finding plaintiff's request to add non-diverse defendant dilatory where plaintiff could have ascertained the identity of the person she sought to add prior to filing suit and prior to removal to federal court).

Turning to the third factor, the Court finds that Plaintiff will not be significantly injured if Mr. Rosales is not joined. Aside from her conclusory assertions about "double liability" and "inconsistent obligations," Plaintiff has offered nothing to suggest that she will be prejudiced by Mr. Rosales's absence from this case. Moreover, Plaintiff does not contend that she will be unable to obtain a judgment from Defendant without Mr. Rosales's presence as a defendant in this case; nor has she alleged that Defendant will be unable to provide complete relief for her injuries if she prevails in this suit. See id. (finding no significant injury where plaintiff sought to join non-diverse employee of defendant company as additional defendant because plaintiff did not show that recovery from defendant company would be incomplete). Therefore, there is no indication that Plaintiff will be significantly injured if Mr. Rosales is not joined, which weighs against adding him as a Defendant in this case.

Finally, the Court notes that the manner in which Plaintiff has sought to join Mr. Rosales further counsels against granting the instant motion. Specifically, Plaintiff moved to add Mr. Rosales as a Defendant, yet she neglected to inform the Court of Mr. Rosales's

Georgia residency or to acknowledge the effect his joinder would have on the jurisdictional basis for this case's presence in federal court. Simply put, Plaintiff's motion to add Mr. Rosales amounts to an attempt to destroy federal jurisdiction that is decidedly lacking in forthrightness.

In sum, all of the relevant factors point to the conclusion that the addition of Mr. Rosales as a defendant in this case is improper under 28 U.S.C. § 1447(e). Accordingly, Plaintiff's motion for joinder should be denied. (Doc. no. 11.)

### B. Defendant's Motion to Amend

The Court next turns its attention to Defendant's motion to amend, in which it seeks to amend its answer by raising two additional affirmative defenses. (Doc. no. 15.) As noted above, Plaintiff has not responded to this motion; therefore, it is deemed unopposed. Loc. R. 7.5.

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[3] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman,

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

371 U.S. at 182); see also Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 762-63 (11th Cir. 1995) (affirming district court's grant of a defendant's motion to amend its answer under Fed. R. Civ. P. 15(a) where there was no delay or prejudice to opposing party).

Having determined that Plaintiff's motion for joinder should be denied – and that the case should therefore remain in federal court – the Court finds no reason to deny Defendant's motion to amend. Plaintiff has not opposed the motion, and there is no evidence that Defendant has acted in bad faith, or that the amendment would be futile or subject Plaintiff to unfair prejudice. Accordingly, Defendant's motion to amend should be **GRANTED**. (Doc. no. 15.) Should the District Court adopt this Report and Recommendation, Defendant should be given 10 days from the date of the District Court's adoption order to file its amended answer as a stand-alone entry on the docket.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's "Motion to Join Additional Party Defendant" should be **DENIED** (doc. no. 11), and Defendant's "Motion for Leave to Amend Answer" should be **GRANTED** (doc. no. 15). As noted above, if the District Court adopts this Report and Recommendation, Defendant should be given 10 days from the date of the District Court's adoption order to file its amended answer as a stand-alone entry on the docket.

SO REPORTED and RECOMMENDED this 20th day of April, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE