IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| D.N., a minor, by Her Next Friend, TAMARA EPPS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 111-014 ) |
| DREAMLAND AMUSEMENTS, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no 21). The Magistrate Judge recommended denying Plaintiff's motion to add Mr. Ricky Rosales as a defendant in this case, finding that Mr. Rosales is a Georgia resident whose joinder would destroy subject matter jurisdiction and that such joinder is not proper under 28 U.S.C. § 1447(e).[1] (Doc. no. 17.) Plaintiff's objections consist entirely of arguments not first presented to the Magistrate Judge.[2] Defendant could have easily presented these arguments to the

---

[1] 28 U.S.C. § 1447(e), the statute governing joinder of non-diverse parties after removal, provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[2] In particular, Plaintiff asserts in her objections that, contrary to the Magistrate Judge's conclusion that her motion for joinder was motivated by a desire to destroy federal subject matter jurisdiction, she wants to join Mr. Rosales to "have the privilege of calling Mr. Rosales for the purposes of cross-examination as an opposing party." (Doc. no. 21, pp. 1-2.) She also asserts that she was not dilatory in seeking joinder because, although she was aware of Mr. Rosales's identity prior to initiating this lawsuit in state court, Defendant did not provide timely responses to discovery requests seeking additional information about him. (Id. at 2-4.) Notably, neither of these arguments bear any relation to Plaintiff's contention in her original motion that the addition

Magistrate Judge, either in her original motion for joinder or in a reply brief following Defendant's response. See Podger v. Gulfstream Aero. Corp., 212 F.R.D. 609 (S.D. Ga. 2003) (Edenfield, J.) ("[P]arties may file as many reply briefs as they want." (citing Local Rules 7.5 and 7.6)). Instead, she chose to file a boilerplate motion for joinder, which set forth very little beyond a conclusory allegation that Mr. Rosales's joinder would allow "the respective claims of all parties [to] be resolved in this single action, thus avoiding double liability and inconsistent obligations." (Doc. no. 11, p. 1.) Moreover, she chose not to respond to the specific and thorough arguments set forth in Defendant's response to her motion for joinder. In light of these circumstances, the Court finds it inappropriate to consider the new arguments set forth in her objections. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Plaintiff's objections are therefore **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's "Motion to Join Additional Party Defendant" is **DENIED** (doc. no. 11), and Defendant's "Motion for Leave to Amend Answer" is **GRANTED** (doc. no. 15). Additionally, Defendant has 10 days from the date of this Order to file its amended answer as a stand-alone entry on the docket.

SO ORDERED this 7th day of June, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

of Mr. Rosales would allow the parties' claims to be resolved in a single action and would avoid double liability and inconsistent obligations.